IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| DENA CLARK, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No: 5:20-cv-05160-PKH |
| § | |
| SYNDICATE CLAIM SERVICES INC., § | |
| § | |
| Defendant. § | |
| § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Dena Clark ("Plaintiff") and files this Plaintiff's Original Complaint.

I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §§ 1331 because Plaintiff asserts claims for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq and the Equal Pay Act, 29 U.S.C. § 206 et. seq.

2. Venue is appropriate because Defendant employed the Plaintiff in Washington County, Arkansas and the events giving rise to this action occurred within this judicial district.

II. PARTIES

3. Dena Clark is an individual who performed work for Defendant in Washington County, Arkansas.

4. Syndicate Claim Services Inc. is a company registered and doing business in the state of Arkansas.

### III.   FACTS

5. Plaintiff started working for Defendant Inc. in 2016.

6. Plaintiff was most recently employed as a Catastrophe Claims Manager.

7. Plaintiff as all other Claims Managers, worked remotely.

8. Plaintiff worked from her home in West Fork, Arkansas.

9. Plaintiff received excellent evaluations and was never disciplined.

10. On or about December 2018, Plaintiff discovered that she was not being paid equally.

11. Less experienced, male Claims Managers were getting paid more.

12. Plaintiff submitted this issue to Human Resources and they agreed that she was not getting paid equally and was being discriminated against based on her gender.

13. The HR manager Allegra Nottage even suggested that Defendant needs to "feel the pain."

14. Plaintiff's pay was soon corrected due to her complaint.

15. However, Defendant was not happy about the complaint and pay correction.

16. Defendant would soon institute a reorganization to get rid of employees such as Plaintiff who complained.

17. Indeed, shortly before this reorganization, there was a meeting at Ms. Sarah Nelm's house to discuss how to use the reorganization to get rid of employees such as Plaintiff that made complaints.

18. This meeting was attended by Sarah Nelms, Tieren Palmer, Chandra Greenburger, Chris Gardner, Margaret Tilley, and Allegra Nottage.

19. During the meeting it was discussed how to design the new positions and the job roles so that it is NOT transparent that people are intentionally being not retained because they complained.

20. In October 2019, it was formally announced that the Claims Manager positions were being eliminated and those individuals were to apply for new job titles.

21. Despite asking on multiple occasions what positions she should apply for, Plaintiff was not given any guidance on what positions she should seek.

22. It was also difficult for Plaintiff to judge what positions to apply because Defendant refused to discuss salary information about the new positions when Plaintiff asked.

23. Plaintiff applied for two roles: Client Success Manager and Senior Field Manager.

24. Plaintiff was well qualified for both of these positions since she worked for Defendant with no performance issues and achieved great results for the past three years.

25. Plaintiff has also been in the insurance industry for over 20 years.

26. Plaintiff did not get either position and on October 17, 2019 was informed that her last day of work would be November 15, 2019.

27. The real reason for her not getting any position was because of the protected activity she engaged in regarding her unequal pay complaint.

28. Plaintiff was clearly the best qualified candidate, especially considering that the male managers with less experience who did not have equal pay complaints were retained.

29. Plaintiff was supposed to be considered for other roles that she did not apply for, but she was not.

30. Plaintiff is the only Claims Manager that wanted a position that was not retained despite Defendant leaving two Client Success Manager positions unfilled.

31. One of the individuals selected to be a Client Success Manager, was not even a Claims Manager, had little to no experience, and did not even formally interview for the position.

32. During the EEOC process, Defendant failed to even acknowledge that Plaintiff made a pay equity complaint and blamed Plaintiff's internet connection on her non selection.

33. This is despite the fact that when Plaintiff made her pay complaint she actually said "equal pay, equal work" and "the only thing I can see different is male and female."

34. Despite working remotely for three years, Defendant never once complained about Plaintiff's internet connection.

35. In fact, the very day after her interview, Defendant sent out a company wide email stating the company was in fact experiencing internet problems.

36. Being aware that Plaintiff had viable claims, Defendant attempted to strong arm her into releasing her claims.

37. On October 17, 2019, Defendant offered Plaintiff a small severance package to release her claims.

38. Despite the own terms of the offer stating that she had 45 days to review it before signing, Defendant withdrew the offer the next day on October 18, 2018 when Plaintiff questioned the release of claims.

39.     Despite questioning the release, Plaintiff specifically stated that she would still be willing to work until November 15, 2019.

40.     The letter stating that Plaintiff would be retained until November 15, 2019 did not condition continued employment on signing the severance/ release of claims.

41.     It is impossible that continued employment until November 15, 2019 was conditioned on signing the release since the release of claims gave employees 45 days to consider which would be after November 15, 2019.

42.     Defendant immediately terminated Plaintiff on October 18, 2019 when she questioned the release of claims instead of allowing her to work until November 15, 2019 like other employees.

43.     The Defendant's actions were willful.

44.     All conditions precedent to filing this lawsuit have been satisfied.

## IV.   RETALIATION (TITLE VII AND EQUAL PAY ACT)

45.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

46.     Plaintiff engaged in protected activity by making a complaint about how her pay was less than male employees.

47.     Plaintiff also engaged in protected activity when she questioned and protested the release of her claims in the severance package that she was offered.

48.     Defendant unlawfully retaliated against Plaintiff by not retaining her as an employee under a new job title and/or by not retaining her until November 15, 2019.

49. Because of the actions by Defendant, Plaintiff has suffered damages within the jurisdictional limits of this Court.

## V.   JURY DEMAND

50. Plaintiff exercises the right to a Jury.

## VI.   DAMAGES

WHEREFORE, Plaintiff respectfully requests that the above-named Defendant, be cited to appear in this matter and that, after jury trial by proof, she be awarded:

i. Plaintiff seeks her economic damages, including lost wages (back and front pay), benefits, lost economic opportunity, and actual damages.

ii. Plaintiff seeks appropropriate equitable relief such as reinstatement.

iii. Plaintiff seeks compensatory and punitive damages.

iv. Plaintiff seeks her attorney's fees and costs of court.

v. Plaintiff seeks pre and post-judgment interest at the maximum rate allowed by law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon a trial on the merits, Plaintiff be awarded the relief requested in this Complaint and such other and further relief to which she may be justly entitled.


Respectfully submitted,

*Gregory A. Placzek*

Gregory A. Placzek
Bar Number 2017271
Attorney for Plaintiff
Placzek Law Firm, PLLC
130 N College Ave  Suite D
Fayetteville, Arkansas 72701
Telephone: (479) 935-3321
E-mail: greg@nwaemploymentlaw.com